THE CIVIL DISTRICT COURT

FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

SECTION 6

NUMBER 10 – 3645

DIVISION

**DONALD J. BOUTTÉ**

**VERSUS**

**E. JACOB CONSTRUCTION, INC., INTERIOR EXTERIOR BUILDING SUPPLY, L.P., INTERIOR EXTERIOR ENTERPRISES, L.L.C., ARCH INSURANCE COMPANY, THE NORTH RIVER INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, LANDMARK INSURANCE COMPANY, FIREMANS FUND INSURANCE COMPANY, and ALLSTATE INDEMNITY COMPANY**

FILED:_____        _____
                                     Deputy Clerk

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, DONALD J. BOUTTÉ, who respectfully submits this Petition for Damages as follows:

### PARTIES

1.

Petitioner, DONALD J. BOUTTÉ is a person of the full age of majority and who is domiciled in the Parish of East Baton Rouge.

2.

Made defendants herein are,

1.    E. JACOB CONSTRUCTION INC. (hereinafter referred to as "EJCI,") a Louisiana corporation, domiciled in the parish of East Baton Rouge, State of Louisiana, who is the builder and seller of Petitioner's Home.

2.    INTERIOR EXTERIOR BUILDING SUPPLY, L.P. (hereinafter, collectively with Defendant, INTERIOR EXTERIOR ENTERPRISES, L.L.C. referred to as INTERIOR EXTERIOR), is a Louisiana Limited Partnership domiciled at 727 S. Cortez Street, New Orleans, Louisiana, who is the supplier and/or distributor of the

1

EXHIBIT

A

Chinese Drywall which contained redhibitory defects and was used in construction of Petitioner's Home.

3.     INTERIOR EXTERIOR ENTERPRISES, L.L.C. (hereinafter, collectively with Defendant, INTERIOR EXTERIOR BUILDING SUPPLY, L.P., referred to as INTERIOR EXTERIOR), is a Louisiana Limited Liability Company and general partner of Defendant INTERIOR EXTERIOR BUILDING SUPPLY, L.P., domiciled at 727 S. Cortez Street, New Orleans, Louisiana, who is the supplier and-or distributor of the Chinese Drywall that contained redhibitory defects and was used in construction of Petitioner's Home.

4.     ALLSTATE INDEMNITY COMPANY (hereinafter referred to as ALLSTATE), an Illinois company with its principal place of business in Illinois, who has designated the Louisiana Secretary of State as its agent for service of process, who is the homeowners insurer for Petitioner's Home.

3.

Additional Defendants are

5.     ARCH INSURANCE COMPANY (hereinafter referred to as "ARCH,") a Missouri insurance company with its principal place of business in New Jersey, who has designated the Louisiana Secretary of State as its agent for service of process, an insurer of INTERIOR EXTERIOR;

6.     THE NORTH RIVER INSURANCE COMPANY  (hereinafter referred to as "NORTH RIVER,"), a New Jersey Insurance company, who has designated the Louisiana Secretary of State as its agent for service of process, an insurer of INTERIOR EXTERIOR;

7.     LIBERTY MUTUAL INSURANCE COMPANY (hereinafter referred to as "LIBERTY,") a Massachusetts insurance company, who has designated the Louisiana Secretary of State as its agent for service of process, an insurer of INTERIOR EXTERIOR;

2

8.      LANDMARK AMERICAN INSURANCE COMPANY (hereinafter referred to as "LANDMARK,") a Georgia insurance company with its principal place of business in Georgia, who has designated the Louisiana Secretary of State as its agent for service of process, an insurer of INTERIOR EXTERIOR;

9.      FIREMAN'S FUND INSURANCE COMPANY (hereinafter referred to as "FIREMANS,") a California insurance company, with its principal place of business in California, who has designated the Louisiana Secretary of State as its agent for service of process, an insurer of INTERIOR EXTERIOR.

These insurance companies are sometimes referred to as the "INSURER DEFENDANTS."

## FACTS

4.

Between September 16, 2005 and June 29, 2006, Defendant EJCI designed and constructed a residence for Petitioner pursuant to a contract for construction, attached as Exhibit A, bearing the municipal address at 11051 Shoreline Drive, Baton Rouge, Louisiana 70809 (hereinafter referred to as "the Home.")

5.

The Home contains redhibitory defects, including but not limited to, Chinese Drywall, and was designed and built using products and components containing redhibitory defects including, but not limited to, drywall and related components, that were supplied to EJCI by INTERIOR EXTERIOR.

6.

Upon information and belief, the drywall and related components that were supplied by INTERIOR EXTERIOR to EJCI were designed, manufactured, and processed in China.

7.

By act of cash sale dated June 29, 2006, Defendant EJCI sold the new Home to Petitioners, with warranty, for the sum of $273,877.50, or approximately $283,000.00, inclusive of extras.

3

8.

The Home contained Chinese Drywall at the time of the sale by ECJI to Petitioners.

9.

The Chinese Drywall in the Home contains redhibitory defects, is unfit, and useless for its intended purpose.

10.

Petitioner, when he purchased the Home, did not know, nor should he have known, that the Home contained Chinese Drywall that has redhibitory defects, is unfit, and useless for its intended purpose.

11.

Petitioner would not have purchased the Home had he known that the Home contained Chinese Drywall that has redhibitory defects, is unfit and useless for its intended purpose.

12.

Following the act of cash sale, Petitioner occupied the Home as his primary residence.

13.

To insure the Home, Petitioner purchased a "Homeowners Insurance Policy," from ALLSTATE, Policy Number "9 21 495663" naming him as the insured.

14.

The subject policy issued by ALLSTATE is a first party all-risk policy that insured the home, the contents within, and the use of the property.

15.

After moving into the Home, Petitioner began experiencing problems including but not limited to problems with the air conditioning and electrical systems.

16.

Petitioner reported all such problems they was experiencing with the Home to Defendant EJCI within one year of Petitioner's discovery of such problems.

4

17.

Upon reporting such problems, Defendant EJCI undertook efforts to try to repair and rectify the issues with the air conditioner and the electrical systems. Because none of the attempts cured the problems, such repairs continued on and off for approximately three years. During such time, numerous air conditioner evaporator coils were replaced and ultimately an entirely new air conditioning unit was installed.

18.

In April, 2009, Petitioner first discovered the existence of Chinese-manufactured drywall in the walls of the Home, marked "MADE IN CHINA" (hereinafter referred to as "Chinese Drywall").

19.

On further investigation, Petitioner discovered that the Chinese Drywall used to construct the Home was causing damages to his person and property including but not limited to HVAC coils, electrical wiring, electrical fixtures, and plumbing components.

20.

Petitioner notified Defendant EJCI of the Chinese Drywall during a meeting at the Home on August 20, 2009, yet Defendant EJCI failed to rectify the problems despite efforts by Petitioner.

21.

Petitioners subsequently notified Defendant EJCI of the Chinese Drywall by certified letter dated February 2, 2010, yet Defendant EJCI failed to rectify the problems despite repeated efforts by Petitioner

22.

On or about August 24, 2009, Petitioner notified his homeowner's insurer, ALLSTATE, of his findings of Chinese-manufactured drywall and filed a claim.

23.

Upon filing the claim, ALLSTATE commissioned an investigation of the loss and conducted a physical inspection of the Home.

24.

On or about September 12, 2009, despite Petitioner's full compliance with the terms and conditions of the relevant policy, and payment of all premiums due under the policy, Defendant ALLSTATE denied Petitioner's claim and refused to tender the funds owed under the relevant policy.

25.

The Home is not fit for its intended purpose.

26.

The Home is unfit for ordinary use as a residence.

27.

As a result of the foregoing, Petitioner has suffered and will continue to suffer damages and injury, including but not limited to: economic damages; damage to real and personal property; past, present and future physical and mental pain and suffering; past, present and future emotional distress; past, present and future fear and fright; loss of enjoyment of life; past, present, and future medical expenses; attorneys' fees and expenses; and court and/or administrative costs.

## SECTION 1:  ALLEGATIONS AGAINST DEFENDANT EJCI

### COUNT I: UNJUST ENRICHMENT

28.

The allegations set forth in paragraphs 1 through 27 are hereby adopted and re-alleged.

29.

Defendant EJCI knew that Chinese Drywall was used in construction of the Home, and knew or should have known this immediately upon receiving the Chinese Drywall at the job-site and installing it into the Home.

30.

Had Defendant EJCI disclosed to Petitioner the use of Chinese Drywall in the construction of the Home, Petitioner would not have purchased the Home.

31.

Defendant EJCI knew or should have known that Chinese Drywall was an inferior product, not fit for ordinary use, and knew or should have known this immediately upon receiving the Chinese Drywall at the job-site and installing it into the Home.

32.

As a result of Defendant EJCI's acts and/or omissions in concealing the presence of Chinese Drywall in Petitioner's Home, Defendant EJCI were unjustly enriched without justification or cause.


33.

As a result of Defendant EJCIs acts and/or omissions in concealing the presence of Chinese Drywall in Petitioner's Home, Petitioner was unjustly impoverished without justification or cause.

34.

As a result of the foregoing, Defendant EJCI is liable to Petitioner for the losses suffered by him.

COUNT II: REDHIBITION AND/OR BREACH OF WARRANTY OF FITNESS

35.

The allegations set forth in paragraphs 1 through 27 are hereby adopted and re-alleged..

36.

At the time of the sale of the Home, Defendant EJCI assured Petitioner that the Home was in good condition and free from redhibitory defects.

37.

Petitioner relied on Defendant EJCI's experience with constructing Homes that Defendant

7

EJCI would use materials that would render the thing fit for its ordinary use.

38.

Defendant EJCI knew or should have known that Petitioner was constructing the Home for use as a personal residence and that he intended and desired to satisfy a significant non-pecuniary interest when having the Home constructed.

39.

At the time of the sale, Petitioner's inspection of the Home revealed nothing to the contrary beyond the usual necessary post-construction refinements.

40.

After the sale, Petitioner began to and continuously thereafter experienced problems with the Home, including but not limited to trouble with the air conditioning system, and some electrical components in the Home.

41.

When Petitioner learned that the Home was constructed with Chinese Drywall, he notified Defendant EJCI of the redhibitory defects by telephone, electronic mail and by certified mail dated April 15, 2009, making a tender, but Defendant refused to remedy the problem or refund the price of the Home.

42.

The Home has been rendered inconvenient and useless to the Petitioner as a residence, and Petitioner would not have purchased it had he known of the vices and redhibitory defects in the Home.

43.

The thing sold must be reasonably fit for its ordinary use. When the seller has reason to know the particular use the buyer intends for the thing, or the buyer's particular purpose for buying the thing, and that the buyer is relying on the seller's skill or judgment in selecting it, the thing sold must be fit for the buyer's intended use or for his particular purpose. La. C.C. Art. 2524.

44.

The use of inferior Chinese Drywall in the Home renders the Home unfit for the purpose of residential living.

45.

Defendant EJCI knew or should have known that the Home contained redhibitory defects.

46.

As a result of the foregoing, Petitioner has suffered and will continue to suffer damages and injury, including but not limited to: economic damages; damage to real and personal property; past, present and future physical and mental pain and suffering; past, present and future emotional distress; past, present and future fear and fright; loss of enjoyment of life; past, present, and future medical expenses; attorneys' fees and expenses; and court and/or administrative costs.

COUNT III: BREACH OF CONTRACT AND/OR FAILURE TO WARN

47.

The allegations set forth in paragraphs 1 through 27 are hereby adopted and re-alleged.

48.

Petitioner and Defendant EJCI entered into a building contract, attached as Exhibit A, for the erection of the Home which guaranteed, among other things, the faithful performance of the building contract

49.

The Home was built ostensibly in conformity with the contract between the parties after which the Home was sold to Petitioner pursuant to the act of cash sale.

50.

After Petitioner moved into the Home redhibitory defects in the original construction and materials began to manifest themselves throughout the Home

51.

Defendant EJCI failed to provide the Home contracted for in accordance with the contract.

52.

As the builder and seller of a residential Home, Defendant EJCI has a duty to disclose vices and redhibitory defects in the Home, especially when such vices and redhibitory defects effect the safety of the Home's occupants.

53.

Defendant EJCI failed to inform Petitioner that the Home was built with Chinese Drywall despite having knowledge that Chinese Drywall was used in construction of the Home.

54.

Petitioner believes that Defendant EJCI knew or had reason to know that Chinese Drywall is an inferior product, not fit for ordinary use in a residential Home, and that there were long standing quality concerns with the use of Chinese products.

55.

Had Defendant EJCI informed Petitioner of the use of Chinese Drywall in the Home, Petitioner would not have purchased the Home.

56.

Had Defendant EJCI informed Petitioner of the use of Chinese Drywall in the Home, Petitioner would not have suffered the damages alleged herein, and/or could have taken steps necessary to protect himself and his property against damage.

57.

As a result of the foregoing, Petitioner has suffered and will continue to suffer damages and injury, including but not limited to: economic damages; damage to real and personal property; past, present and future physical and mental pain and suffering; past, present and future emotional distress; past, present and future fear and fright; loss of enjoyment of life; past, present, and future medical expenses; attorneys' fees and expenses; and court and/or administrative costs.

COUNT IV: NEGLIGENCE

58.

The allegations set forth in paragraphs 1 through 27 are hereby adopted and re-alleged.

59

Defendant EJCI had a duty to exercise reasonable care in building the Home, including a duty to assure that the drywall was fit for use, would perform as intended, and would not cause damage described herein.

60.

Defendant EJCI breached its duty by failing to exercise reasonable care in the construction of the Petitioner's Home, in that Defendant EJCI knew or should have known that the drywall used in the construction of the Home was unfit, contained redhibitory defects, did not function as intended, and/or created a high risk of unreasonable, damaging side effects.

61.

The negligence of Defendant EJCI , its agents, servants, and/or employees, includes, but is not limited to, the following acts and/or omissions:

1. Inspecting, installing, utilizing, and/or allowing the installation of drywall without thoroughly and adequately testing or inspecting it;

2. Negligently failing to warn Petitioner of the damaging nature of the drywall in the Home;

3. Negligently failing to recall or otherwise notify Petitioner at the earliest date that it became known that said drywall in the Home was, in fact, damaging and contained redhibitory defects;

4. Negligently representing that the drywall installed in the Home was fit for its intended purpose when, in fact, it is not;

5. Negligently installing, utilizing, and/or allowing the installation of drywall in a manner which was damaging to Petitioner's property; and

6. Other acts and omissions which will be shown at the time of trial.

62.

Defendant EJCI knew or should have known that consumers such as Petitioner would suffer damages and/or be at an increased risk of suffering damages as a result of Defendant EJCI's failure

to exercise reasonable care.

63.

Defendant EJCI's actions and/or inactions, as set forth herein, by virtue of violating statutes, ordinances, and/or rules and/or regulations, constitutes negligence per se.

64.

Defendant EJCI knew or should have known that homeowners such as Petitioner would foreseeably suffer damage, and/or be at increased risk of suffering damages, including financial damages, as a result of Defendant EJCI failure to exercise reasonable care.

65.

Defendant EJCI was under a duty to disclose to Petitioner the unsuitable nature of the drywall and the potentially damaging effects of the drywall and failed to do so.

66.

Defendant EJCI was under a duty to intervene to inspect and/or test Petitioner's Home when notified of the unsuitable nature of the drywall and the potentially damaging effects of the drywall, and to cure the redhibitory defects in the drywall and failed to do so.

67.

Defendant EJCI's negligence was the proximate cause of Petitioner's damages and economic loss which he suffered and will continue to suffer.

68.

As a result of the foregoing, Petitioner has suffered and will continue to suffer damages and injury, including but not limited to: economic damages; damage to real and personal property; past, present and future physical and mental pain and suffering; past, present and future emotional distress; past, present and future fear and fright; loss of enjoyment of life; past, present, and future medical expenses; attorneys' fees and expenses; and court and/or administrative costs.

## COUNT V:  ALTERNATIVE PLEADING - LOUISIANA NEW HOME WARRANTY ACT

69.

The allegations set forth in paragraphs 1 through 27 are hereby adopted and re-alleged.

12

70.

Petitioners respectfully request that this Honorable Court enter a declaratory judgment finding the New Home Warranty Act (La. R.S. 9:3141 – 3150)(hereinafter collectively referred to as "NHWA") unconstitutional and directly prohibited by La. Const. art. 1, §§ 1, 2, 4 & 22.

71.

The NHWA is unconstitutional and directly prohibited by La. Const. Art. 1, § 1 because the NHWA restricts instead of protects the rights of the individual, is contrary to the good of the whole of the State of Louisiana, denies justice for all, and fails to protect the happiness and general welfare of the people.

72.

The NHWA is unconstitutional and directly prohibited by La. Const. Art. 1, § 2 because the NHWA denies the owner of a newly purchased home due process under the law to remedy the deprivation of the owner's property.

73.

The NHWA is unconstitutional and directly prohibited by La. Const. Art. 1, § 4 because the NHWA denies the owner of a newly purchased home the ability to use, enjoy and protect its property subject to reasonable statutory restrictions; the provisions of the NHWA are unreasonable statutory restrictions and are consequently in direct violation of this section of the Louisiana Constitution.

74.

The NHWA is unconstitutional and directly prohibited by La. Const. Art. 1, § 22 because the NHWA denies the owner of a newly purchased home fair access to the courts by implementing unreasonable prescriptive and peremptive periods during which an action must be brought.

75.

Alternatively to this Honorable Court declaring the NHWA unconstitutional, Petitioners respectfully aver that Defendant, EJCI, and any other Defendant claiming protection under the NHWA, are still liable under the NHWA because installation of Chinese-manufactured drywall in

13

Petitioner's Home constitutes a major structural defect as outlined in La. R.S. 9:3144(A)(3) and because Petitioners have conformed with all notice requirements of the NHWA.

## SECTION 2: ALLEGATIONS AGAINST DEFENDANT INTERIOR EXTERIOR

COUNT VII: LOUISIANA CIVIL CODE ARTICLE 2524,
LOUISIANA CIVIL CODE ARTICLES 2520, 2531 AND/OR 2545,
LOUISIANA CIVIL CODE ARTICLES 2315-2317, AND/OR, IN THE ALTERNATIVE,
LOUISIANA PRODUCTS LIABILITY ACT, LA. REV. STAT. § 9:2800.51, et seq.

76.

The allegations set forth in paragraphs 1 through 27 are hereby adopted and re-alleged.

77.

Petitioners believe and allege that Defendant INTERIOR EXTERIOR knew and/or should have known that the Chinese-manufactured drywall it was selling contained redhibitory vices and/or was otherwise unreasonably dangerous and/or contained redhibitory defects, based upon one or more of the following:

a.  That INTERIOR EXTERIOR observed strange and suspicious odors in handling the Chinese Drywall it sold.

b.  That INTERIOR EXTERIOR received reports or complaints of strange and suspicious odors in handling the Chinese Drywall it sold.

c.  That INTERIOR EXTERIOR received or was informed about complaints or reports of high Sulfur content in Chinese Drywall.

d.  That INTERIOR EXTERIOR received or was informed about complaints or reports of high Strontium content in Chinese Drywall.

e.  That INTERIOR EXTERIOR received or was informed about complaints or reports regarding Chinese Drywall.

f.  That INTERIOR EXTERIOR received or was informed about complaints or reports of copper wire and/or other corrosion associated, or potentially associated, with the installation or use of Chinese Drywall.

14

g.   That INTERIOR EXTERIOR received or was informed about complaints or reports of electrical problems associated, or potentially associated, with the installation or use of Chinese Drywall.

h.   That INTERIOR EXTERIOR received or was informed about complaints or reports of HVAC and/or other air conditioning problems associated, or potentially associated, with the installation of Chinese Drywall.

i.   That INTERIOR EXTERIOR received or was informed about complaints or reports of refrigerator or refrigerator coil problems associated, or potentially associated, with the installation of Chinese Drywall.

j.   That INTERIOR EXTERIOR received notices, warnings or reports from shippers, suppliers, distributors and/or manufacturers regarding problems, or potential problems, with Chinese Drywall.

k.   That employees or other agents and/or associated of INTERIOR EXTERIOR may have had suspicious and/or adverse personal experiences with Chinese Drywall.

l.   That INTERIOR EXTERIOR may have performed tests on the Chinese Drywall it was selling.

m.   INTERIOR EXTERIOR's knowledge, understanding, and/or expectations about the uses or purposes for the Chinese Drywall it was selling.

n.   Lower cost of the Chinese-manufactured product. And/or,

o.   INTERIOR EXTERIOR's knowledge and/or suspicions regarding products manufactured in and/or imported from China, including, but not limited to, (i) inspection standards and/or processes (and/or lack thereof); (ii) safety standards (and/or lack thereof); (iii) problems with other products, such as dog food, generic drugs and/or children's toys; and/or (iv) lower costs.

78.

As a result of Defendants acts and/or omissions, INTERIOR EXTERIOR is legally responsible under Louisiana Civil Code Article 2524, Louisiana Civil Code Articles 2520, 2531,

15

and/or 2545, Louisiana Civil Code Articles 2315-2317, and/or, in the alternative, the Louisiana

Products Liability Act, La. Rev. Stat. 9:2800.51, *et seq.*, due to one or more of the following:

a.  Selling a product that was unreasonably dangerous in its construction and composition;

b.  Selling a product that was unreasonably dangerous in design;

c.  Selling a product that was not fit for its ordinary or intended purpose;

d.  Selling a product whose unreasonable levels of Sulfur, Sulfur compounds and/or microbes render the drywall either completely useless, or, in the alternative, diminish its value and use to such a point that it must be presumed that the Petitioners would not have purchased the drywall or paid a lesser price;

e.  Failing to adequately inspect and/or test the drywall it sold;

f.  Failing to timely and adequately warn purchasers of the redhibitory defects and/or other potential problems and/or risks associated with the drywall it sold;

g.  Failing to take appropriate action to mitigate the damages suffered by Petitioners, and/or;

h.  Such other acts of negligence as will be shown at trial

79.

As a direct and proximate result of the Defendants' actions and/or failure to act, and the

Chinese-manufactured drywall thus provided, the Petitioners will be required to replace all drywall,

perform extensive remedial repairs to the homes, and then repair the damaged property made visible

during the performance of these repairs.

80.

Petitioner has suffered, and continue to suffer, damages as a result of Defendants' drywall,

which include, but are not limited to, the purchase price of the drywall and other expenses

occasioned by the sale; costs associated with the preservation of the drywall and associated

materials; the costs of inspection; the costs and expenses necessary to remove, repair and/or replace

the drywall, adjoining components, electrical wiring, interior finishes and personal property; and

other damages, including personal injuries, inconvenience, mental anguish, fear, and loss of use.

81.

Defendants' drywall has also resulted in substantial diminution in the value of Petitioners' home.

## SECTION 3:  ALLEGATIONS AGAINST DEFENDANT ALLSTATE

### COUNT VIII: BAD FAITH UNDER LA. REV. STAT. § 22:1973

82.

The allegations set forth in paragraphs 1 through 27 are hereby adopted and re-alleged..

83.

Petitioners maintain that Defendant Insurer's aforementioned conduct breached the following duties to Petitioners: (1) the duty of "good faith and fair dealing;" (2) the "affirmative duty to adjust claims fairly and promptly"; and (3) the "affirmative duty" to "make a reasonable effort to settle claims with the insured or claimant, or both."

84.

Petitioners further maintain that Defendant Insurer "knowingly committed or performed" the following acts, thereby constituting a beach of the insurer's duties: (1) misrepresenting pertinent facts or insurance policy provisions; (2) failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause; and (3) improperly denying coverage on the basis of the "inherent vice," "latent defect," "corrosion," "workmanship," and/or defective "materials" exclusions.

85.

As a result of Defendant Insurer's aforementioned conduct, the Defendant Insurer is liable for any damages sustained as a result of the breach, including, but not limited to specific general damages, attorneys' fees, and penalties. Such penalties include an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

17

## COUNT IX: BAD FAITH UNDER LA. REV. STAT. § 22:1892

86.

The allegations set forth in paragraphs 1 through 27 are hereby adopted and re-alleged.

87.

Petitioners maintain that Defendant Insurer's aforementioned conduct violated La. Rev. Stat. § 22:1892 by Defendant Insurer's failure to provide Petitioners' payment within thirty (30) days after being provided satisfactory proof of loss.

88.

As a result of its misconduct, Defendant Insurer is liable to Petitioners for all damages occasioned by the breach, specific and general, as well as attorneys' fees, costs, interests, and penalties as provided in Section 1892.

## COUNT X: MISCELLANEOUS BREACHES OF AFOREMENTIONED DUTIES

89.

The allegations set forth in paragraphs 1 through 27 are hereby adopted and re-alleged.

90.

Petitioners maintain that Defendant Insurer further breached the aforementioned duties for the following non-exclusive acts: (1) Failing to properly train its adjusters and agents; (2) failing to provide its adjusters with proper uniform materials with which to properly evaluate claims; (3) any and all misconduct as becomes known before trial.

91.

As a result of its misconduct, Defendant Insurer is liable to Petitioners for all damages occasioned by the breach, specific and general, as well as attorneys' fees, costs, interests, and penalties.

## COUNT XI: BREACH OF CONTRACT

92.

The allegations set forth in paragraphs 1 through 27 are hereby adopted and re-alleged.

93.

Petitioners maintain that Defendant Insurer's preceding conduct constitutes a breach of the contract as embodied by the aforementioned insurance policy.

94.

As a result of its misconduct, Defendant Insurer is liable to Petitioners for all damages resulting from the breach.

## COUNT XII: TOTAL LOSS: LA. REV. STAT. § 22:1318

95.

The allegations set forth in paragraphs 1 through 27 are hereby adopted and re-alleged.

96.

Petitioners' home-owners policy is a "value policy" in that Defendant insurer placed a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy.

97.

Petitioners sustained an actual and/or constructive total loss as defined by Section 1318.

98.

A proportion of Petitioners sustained damage was for the covered loss to the dwelling, other structures, loss of use, personal property and personal liability.

99.

As a result, Defendant Insurer is liable to Petitioners for the policy limits, attorneys' fees, penalties, costs, and interest from the date of judicial demand.

## SECTION 4:   ALLEGATIONS AGAINST INSURER DEFENDANTS

99.

INSURER DEFENDANTS are liable jointly and *in solido* with their respective insureds for Petitioner's losses via operation of LA. REV. STAT. ANN. § 22:1269, allowing direct action against a liability insurer.

## REQUEST FOR JURY

100.

Petitioner prays for a jury trial of all matters herein.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner, Donald J. Boutté, respectfully prays that this Petition for Damages be deemed good and sufficient, and that Defendants E. Jacob Construction, Inc., Interior Exterior Building Supply, L.P., Interior Exterior Enterprises, L.L.C., Arch Insurance Company, The North River Insurance Company, Liberty Mutual Insurance Company, Landmark Insurance Company, Firemans Fund Insurance Company, and Allstate Indemnity Company, be duly served and cited with a copy of this Petition, and that they be made to appear and answer same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth above, that there be Judgment entered in favor of Petitioner and against Defendants, jointly, severally, and in solido, in an amount that is reasonable under the premises, and together with all costs of these proceedings, attorney's fees, for legal interest from date of judicial demand until paid, and for all general and equitable relief.

Respectfully submitted,

RUSS M. HERMAN, La. Bar No. 6819
LEONARD A. DAVIS, La. Bar No. 14190
STEPHEN J. HERMAN, La. Bar No. 23219
JOSEPH E. "JED" CAIN, La. Bar No. 29785
JEREMY S. EPSTEIN, La. Bar No. 32135
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone:    (504) 581-4892
Fax No.:       (504) 561-6024
*Attorneys for the Plaintiff, Donald Boutté*

PLEASE SERVE:

E. JACOB CONSTRUCTION, INC.,
*Through its attorney of record:*
Douglas K. Williams
Braezeale, Sachse & Wilson, L.L.P.
One American Place, 23rd Floor

20

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

Post Office Box 3197
Baton Rouge, Louisiana 70821

**ALLSTATE INDEMNITY COMPANY**
*via its registered agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**ARCH INSURANCE COMPANY**
*via its registered agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**THE NORTH RIVER INSURANCE COMPANY**
*via its registered agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**LIBERTY MUTUAL INSURANCE COMPANY**
*via its registered agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**LANDMARK AMERICAN INSURANCE COMPANY**
*via its registered agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**FIREMAN'S FUND INSURANCE COMPANY**
*via its registered agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**THE HON. JAMES D. "BUDDY" CALDWELL**
Attorney General of Louisiana
1885 North Third Street
Baton Rouge, Louisiana 70802



**NEW CONSTRUCTION AGREEMENT TO PURCHASE**
**(BUILDER OWNED LOT)**



1  Received by: _____ Date /Time _____
2                              For Listing Broker (Firm)
3  Listing Broker (Firm)  SUSAN GUERIN + CO. (RE/MAX)   Work # 763-3800  Home # _____  Fax # _____
4  Listing Broker (Firm)                    Designated Agent
5  Selling Broker (Firm)  RE/MAX FIRST   DON COETZEE   Work # 368-3268  Home # _____  Fax # _____
6  Selling Broker (Firm)                    Designated Agent
7  Date: SEPT 16, 2005
8  Located at (Municipal Number) ___ SHORLINE _____
9  City BATON ROUGE   Zip 70809  Lot 121  Subdivision LAKE SHORE GARDENS
10 or Legal Description _____ Parish EBR ___, La.
11 Land measuring approximately AS PER PLAT _____ (to be controlled by record title).

12 **HOME:** The Home will be built on the Property according to attached plans and specifications. Plans paid for and furnished by ☐ Purchaser
13 ☒ Builder are included in the price. Plans, specifications and allowances are to be signed and dated by both parties prior to commencement
14 of construction and shall be considered an integral part of this contract.

15 **PRICE:** Purchaser agrees to purchase and Builder agrees to sell the Property and Home described above for the sum of
16 _Three hundred seventy three thousand eight hundred_ Dollars($ 373,877.58
17 subject to any valid restrictions and to servitudes of record and to any zoning ordinances affecting this property.   _plus + 50/100_

18 **TERMS OF SALE** (check only one):

19 ( ) **Cash at Act of Sale.** Purchaser shall furnish Builder with verification of availability of purchase funds within _____ days
20 of acceptance of this agreement or this contract may be declared null and void at option of Builder.

21 (☒) **Cash at Act of Sale, subject to Purchaser's ability to obtain a permanent** _Conventional_ (type) loan
22 in the amount of $ _____ (amount) of this agreement shall be null and void. Purchaser shall make formal loan application
23 within _ten (10)_ business days from date of acceptance of this offer or any counter offer. If Purchaser fails to make formal loan application
24 within that time, Builder may declare this agreement null and void by written notification. If Purchaser is not able to remove the financing
25 contingency within 30 days, this contract will be null and void at option of the Builder. Discount points charged by Mortgagee shall be
26 paid by ☐ Purchaser ☐ Builder up to a maximum of _N/A_. Fees required by Lender of Builder shall not exceed _N/A_

27 **CHANGES OR OVERAGES** to the Home must be in writing and agreed upon by both Purchaser and Builder. Overages, if any, will be paid
28 for by Purchaser to Builder at the time the change is agreed upon.

29 **ALLOWANCES:** The Home will be built within Builder's allowances and through Builder's approved suppliers. Selection of items subject
30 to allowances must be made within _7_ days after notification by Builder, his agent, or his decorator (See attached Addendum 1 for
31 allowances and room finish schedule which are to be signed and are an integral part of this contract).

32 **COMMENCEMENT OF CONSTRUCTION** will begin within _7_ working days after Builder receives the City Parish Permit. The
33 permit process will not begin until Builder receives a commitment letter from Purchaser's lending institution and Builder removes the
34 financing contingency, if applicable, in writing. The permit process will begin within _____ days after removal of financing contingency,
35 if applicable.

36 **COMPLETION OF CONSTRUCTION** will be within _180_ days after the slab is poured, and no later than _4/30_ N/A (date).
37 Substantial completion occurs when the Home passes final building inspection by the City Parish, and when the City Parish issues an
38 occupancy permit. Purchaser agrees to order permanent utility services _7_ days prior to the Act of Sale. Purchaser will give a punch
39 list to Builder at least _7_ days prior to the Act of Sale. Punch List items shall be completed prior to the Act of Sale. Any additional
40 Punch List items shall be completed by Builder within _14_ days after Act of Sale. The Builder will insure that the lot properly drains
41 away from the home after construction is completed.

42 **DELAYS IN COMPLETION:** It is agreed and understood that should the Builder fail to achieve Substantial Completion as defined above at the
43 time specified above, the Builder shall forfeit and pay the Purchaser, by way of liquidated damages, the sum of $ _0_ per day for
44 each and every day thereafter, until said work shall be substantially complete and such liquidated damages shall be deducted from the purchase
45 price. However, should the Builder's work be delayed by fire, strikes, material shortages, act of God, exceptional weather or should the Purchaser
46 cause the Builder any delays in performance of the work, the Purchaser shall thereafter, allow one day extension for each day delay resulting from
47 any such cause which is beyond the control of the Builder. The Builder shall notify the Purchaser in writing that a delay has occurred within four
48 (4) business days after any such delay. The completion date shall be extended by the number of delay days identified in the Notice.

49 **WARRANTY:** Builder warrants the Home as provided by the Louisiana New Home Warranty Act.

50 A **TERMITE SOIL TREATMENT GUARANTEE** showing pre-treatment of the slab and indicating Home is under contract by a pest control
51 company licensed by the State of Louisiana, is to be paid for and furnished by the Builder and given to the Purchaser at Act of Sale.

52 A **TERMITE CERTIFICATE,** if required by Lender, shall be issued within thirty (30) days prior to execution of the Act of Sale by a pest
53 control company licensed by the State of Louisiana. This certificate is to be paid for and furnished by the Builder and shall state that the
54 property is free from visible evidence of infestation from wood destroying insects.

55 **MINERAL RIGHTS** (CHECK ONE):
56 ☒ All mineral rights they are to be conveyed without warranty
57 ☐ Mineral rights owned by Builder, if any, are to be reserved by the Builder but with waiver of any right to use the surface for any such
58 reserved mineral activity or use.

59 **EXECUTION OF ACT OF SALE:** The act of sale shall be passed before a closing agent selected by _____ Purchaser _X_ Builder
60 on or before _____ BR _____, 20____ or before and mutual agreement by both parties, except that at the Builder's written request, the
61 date for execution of the act of sale will be extended by the number of days the completion date is extended as set forth above. Any extension
62 shall be agreed upon in writing and signed by Builder and Purchaser. The Act of Sale and other costs required to obtain financing shall be paid by
63 Purchaser. Any costs required to make title merchantable, including all necessary tax, mortgage and release certificates and cancellations, if any,
64 shall be paid by the Builder. Builder's title shall be merchantable and free of all liens and encumbrances except those which can be satisfied from
65 the proceeds of the sale. If bona fide curative work in connection with title is required, the parties agree to and do extend the time for passing the
66 sale by thirty (30) days. In the event the title is not valid or merchantable and cannot be made so at a reasonable expense, this agreement may
67 be declared null and void at the option of the Purchaser who reserves the right to demand the return of the deposit and to recover from the Builder
68 the actual costs incurred in connection with this agreement. Taxes for the year the sale is closed shall be prorated.

69 **OCCUPANCY:** Occupancy will be given at the execution of the act of sale.

70 **DEPOSIT:** Purchaser makes herewith a deposit to Broker, as part of the sales price, Purchaser's check in the sum of
71 _Ten thousand (10,000)_ Dollars($ 10,000.00 ) which upon acceptance is to be deposited in the listing broker's
72 non-interest bearing escrow account. This deposit shall not be considered as earnest money. In the event of default by either party, the non-
73 defaulting party shall have the right to demand and sue for specific performance and/or damages. The defaulting party under this agreement shall
74 also be liable for the Brokerage fees and all attorney's fees and other costs incurred in the enforcement of any and all rights under this agreement.





**EXHIBIT**
**A**

Case 2:10-cv-01464-EEF-JCW Document 1-1 Filed 05/13/10 Page 23 of 32

Property Address: UNOPL___ LU / / /     Date: 9~ 16, 2008

74   Notwithstanding any other provision in this agreement, in the event the downpayment may be disputed by the parties, or the parties agree by written
76   mutual consent of the parties. In the event the parties do not sign such consent, the Broker must deposit the funds with the Louisiana Real
77   Estate Commission or with a court of competent jurisdiction.

78   **NON-REFUNDABLE FEE:** An additional amount in the sum of   FIVE THousanD
79   dollars ($ 5000 ) will be given to Builder as part of the sales price at the time of written removal of any loan approval
80   contingency, if applicable, or at the time of execution of the cash sale agreement. This sum will be used by Builder to customize the Home
81   to Purchaser's specifications and is non-refundable.

82   **TIME IS OF THE ESSENCE IN THIS AGREEMENT.**

83   **ROLE OF BROKERS AND DESIGNATED AGENTS:** Brokers and Designated Agents have acted only to bring the parties together and
84   will in no case be liable to either party for performance or non-performance of any part of this agreement or for any warranty of any nature
85   unless specifically set forth in writing, and the Brokers and Designated Agents specifically make no warranty whatsoever as to whether or
86   not the property is situated within or without the Government's hundred year flood plan, as to the presence of wood destroying insects or
87   damage therefrom, or as to the size, physical condition or environmental status of the property or improvements.

88   Notification pursuant to LSA-R.S. 37:1469 is hereby given. The names of those persons who are required to register pursuant to LSA-R.S.
89   15:540 et seq., are available by accessing the statewide database at: http://www.lasocpr.lsp.org/socpr/. This information may also be
90   retrieved by phone at 1-800-858-0551 or '225-925-6100. Brokers, agents and affiliates are not responsible for providing information
91   regarding the proximity of registered sex offenders beyond providing the information above.

92   **PURCHASER PROTECTION:** Purchaser understands that Owner's title insurance is available at Purchaser's expense.

93   **ACCEPTANCE:** Acceptance must be in writing. Notice of this acceptance may be communicated by facsimile transmission. The original
94   of this document will be delivered to the listing broker's firm for safe keeping in accordance with the provisions of the Louisiana Real Estate
95   License Law and the Rules and Regulations of the Louisiana Real Estate Commission.

96   **OTHER CONDITIONS:**
97   See addendum "A" Home will be like lot
98   152 w/ modifications
99
100

101   This offer remains binding and irrevocable until:   Date Sept. 16, 2008 Time 10 AM

102   **I/WE HAVE READ AND UNDERSTAND THE TERMS AND CONDITIONS OF THE FOREGOING OFFER:**
103
104   Purchaser Donald J Boutte   Sept. 16, 2008 Printed DONALD J. BOUTTE
     (first, middle, last)     Date/Time
105   Employed by _____
106   Purchaser _____ Printed _____
     (first, middle, last)     Date/Time
107   Employed by _____
108   Address _____
109   Bus. Phone _____ Home Phone _____

110   **Date and Time presented to Builder:**
111   I/We have read and understand and accept the above offer and agree to pay professional brokerage fees per Listing Agreement for
112   professional services rendered.
113   Builder _____ 9/16/08 9:55 AM Printed E JACoB FAKouri
114      (first, middle, last)     Date/Time
115   Builder _____ Printed _____
116      (first, middle, last)     Date/Time

117   **COUNTER OFFER TO AGREEMENT TO PURCHASE**
118   The offer to purchase is acceptable, provided the Purchaser agrees to the following changes (identify line number from the offer).
119   _____
120   _____
121   _____
122   _____
123   _____
124   _____

125   **ALL OTHER TERMS REMAIN UNCHANGED**
126
127   This counter offer shall expire unless Purchaser executes written acceptance on or before:
128   Date: _____ Time: _____

129   I/We agree to pay professional brokerage fees per Listing Agreement for professional services rendered.
130   Builder _____ Printed _____
131      (first, middle, last)     Date/Time
132   Builder _____ Printed _____
133      (first, middle, last)     Date/Time
134   Received by _____ Date _____ Time _____
135      For Selling Broker (Firm)

136   **Date and Time presented to Purchaser:**
137   I/ We have read, understand and accept the above counter offer.
138   Purchaser _____ Printed _____
139      (first, middle, last)     Date/Time
140   Purchaser _____ Printed _____
141      (first, middle, last)     Date/Time
142   Received by _____ Date: _____ Time _____
143      For Listing Broker (Firm)

Copyright January 1, 2002 Greater Baton Rouge Association of REALTORS®, Inc. Use of this form reserved to the
members of the Greater Baton Rouge Association of REALTORS®.

# ADDENDUM TO PURCHASE AGREEMENT

## (ADDENDUM # 4 )

This addendum is made a part of and attached to the Agreement to Purchase dated,

9/16/05. on property located at _Shoreline_

Lot # 121 Subdivision _Lakeshore Gardens_ EBR Parish, Louisiana.

Other Conditions of Sale:

_No cabinet in living room. Delete cabinet above toilet bath off MBR #4_
_Dining room will encompass porch. Add 90' living area. Whole yard_
_will be sodded & landscaped. Make bar's a bit larger and soiler or use 18"_
_tiles. There will be fans on the back porch. Paint will determine where_
_living fixture shall hang. Outlet shall be on bar backsplash by DJB_
_instead of on the side that shelves at entry of bath DJB_
_Pul cabinets above garbage marble. Make other lab Americast with_
_simulated marble surround. Master bath shell have nolalues DJB_

PURCHASER ___On Booth___ DATE _9/16/05_

PURCHASER _____ DATE _____

SELLER _____ DATE 9/16/05

SELLER _____ DATE _____

A100

ATTORNEY'S NAME: Herman, Russ   20819
AND ADDRESS:
New Orleans   LA 70113 116

RECEIVED
2010 APR 23  P 1:43
CIVIL SHERIFF'S OFFICE

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:   2010 — 03645   6   SECTION

BOUTTE, DONALD J. VERSUS E. JACOB CONSTRUCTION, INC.   ET AL

C I T A T I O N

TO:  LANDMARK INSURANCE COMPANY
     THROUGH: THE LOUISIANA SECRETARY OF STATE

     BATON ROUGE   LA

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES W/EXHIBITS ATTACHED
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                    ADDITIONAL INFORMATION
Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA     April 23, 2010

Clerk's Office, Room 402, Civil Courts Building,        DALE N. ATKINS, Clerk of
421 Loyola Avenue                                       The Civil District Court
New Orleans, LA                                         for the Parish of Orleans
                                                        State of LA

                                                        by _____
                                                                    Deputy Clerk

---

                          SHERIFF'S RETURN
                    (for use of process servers only)

PERSONAL SERVICE                          DOMICILIARY SERVICE

On this _____ day of _____             On this _____ day of _____
_____ served a copy of the w/i petition   _____ served a copy of the w/i petition
FOR DAMAGES W/EXHIBITS ATTACHED           FOR DAMAGES W/EXHIBITS ATTACHED

On _____                               On _____
LANDMARK INSURANCE COMPANY               LANDMARK INSURANCE COMPANY

APR 29 2010
I made service on the named party through the
office of the Secretary of State
THROUGH: THE LOUISIANA SECRETARY OF STATE
by tendering copy of this document to
☐ TAMMY GLOVER   ☐ MEGHAN SHANKS
☐ JULIE NESBITT   ☐ E. CUMMINGS
Parish of East Baton Rouge, Louisiana

THROUGH: THE LOUISIANA SECRETARY OF STATE

by leaving same at the dwelling house, or usual place of
abode, in the hands of _____
a person of suitable age and discretion residing therein as
a member of the domiciliary establishment, whose name
and other facts connected with this service I learned by
interrogating  HIM / HER  the said
_____ LANDMARK INSURANCE COMPANY

Returned same day
                    No.

Deputy Sheriff of _____                 _____ being absent from the domicile at time of said service.
                                                        Returned same day
Mileage: $ _____                                                    No.

_____ / ENTERED / _____              Deputy Sheriff of _____

PAPER          RETURN

SERIAL NO.    DEPUTY   PARISH

5/5/10



**HERMAN, HERMAN, KATZ & COTLAR**
L.L.P.
Attorneys at Law

820 O'KEEFE AVENUE, NEW ORLEANS, LOUISIANA 70113-1116
TELEPHONE: (504) 581-4892   FACSIMILE: (504) 561-6024
http://www.hhkc.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick†

Stephen J. Herman
Brian D. Katz
Soren E. Gisleson
_____
Joseph E. Cain
Jennifer J. Greene‡
John S. Creevy
Jeremy S. Epstein
Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans and
Covington, Louisiana

* A Professional Law Corporation
† Also Admitted in Texas
‡ Also Admitted in Arkansas

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP (Formerly
Herman, Mathis, Casey, Kitchens & Gerel, LLP)

April 29, 2010

Hon. Dale N. Atkins
Civil District Court Clerk
Civil District Court for the Parish of Orleans
421 Loyola Avenue, Room 402
New Orleans, Louisiana 70112

RE:  ***Donald J. Boutte v. E. Jacob Construction, Inc., et al*, Case No: 2010-3645,
Request for Service on Defendants, Interior Exterior Enterprises, L.L.C., and
Interior Exterior Building Supply, L.P.**
**Our file: 27688.0044**

Dear Ms. Atkins :

Please serve the Petition for Damages on the following Defendants, Interior Exterior Enterprises,
L.L.C., and Interior Exterior Building Supply, L.P., who were accidentally left off the original request
for service in the Petition. Service can be made on both entities at the following address:

727 South Cortez Street
New Orleans, Louisiana 70119

Please find enclosed two file stamped copies of the Petition and a check for $40, issued to the Civil
Sheriff's office, to cover service. Please do not hesitate to contact me if you have any questions,
whatsoever.

Sincerely,

Jeremy S. Epstein

ATTORNEY'S NAME: Herman, Ru___ ___819
AND ADDRESS:
New Orleans    LA  70113-116

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:    2010 – 03645        7                              SECTION:       6

BOUTTE, DONALD J. VERSUS E JACOB CONSTRUCTION, INC.   ET AL

C I T A T I O N

TO: THE HONORABLE JAMES D. 'BUDDY' CALDWELL, ATTORNEY GENERAL OF LOUISIANA
THROUGH:
1885 NORTH THIRD STREET

BATON ROUGE                          LA

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES W/EXHIBITS ATTACHED
A certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·
ADDITIONAL INFORMATION
Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA     April 23, 2010

Clerk's Office  Room 402, Civil Courts Building,          DALE N. ATKINS, Clerk of
421 Loyola Avenue                                        The Civil District Court
New Orleans, LA                                          for the Parish of Orleans
                                                         State of LA
                                                         by _____
                                                                        Deputy Clerk

SHERIFF'S RETURN
(for use of process servers only)

PERSONAL SERVICE                                         DOMICILIARY SERVICE

On this _____ day of _____          On this _____ day of _____
served a copy of the w/i petition          served a copy of the w/i petition
FOR DAMAGES W/EXHIBITS ATTACHED on         FOR DAMAGES W/EXHIBITS ATTACHED

On                                         On
THE HONORABLE JAMES D. 'BUDDY' CALDWELL,   THE HONORABLE JAMES D. 'BUDDY' CALDWELL,
ATTORNEY GENERAL OF LOUISIANA              ATTORNEY GENERAL OF LOUISIANA

THROUGH:                                   THROUGH:

                                           leaving same at the dwelling house, or usual place of
                                           abode, in the hands of _____
Returned  same day                         a person of suitable age and discretion residing therein as
                                           a member of the domiciliary establishment, whose name
              No. _____                  and other facts connected with this service I learned by
                                           interrogating  HIM / HER  the said _____
Deputy Sheriff of _____          THE HONORABLE JAMES D. 'BUDDY' CALDWELL, ATTORNEY
Mileage: $ _____                 GENERAL OF LOUISIANA

____ / ENTERED / ____                      being absent from the domicile at time of said service.
PAPER                                      Returned  same day
5                                                         No.
       |              |
SERIAL NO.   DEPUTY   PARISH                Deputy Sheriff of _____

RETURN
01

5/5/10

ATTORNEY'S NAME: Herman, Rus.. 23919
ADDRESS:
New Orleans   LA  70113-116

RECEIVED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:      20°0 -- 03845          3                              SECTION           - L

BOUTTE, DONALD J. VERSUS E. JACOB CONSTRUCTION, INC.   ET AL

C I T A T I O N

TO:  ARCH INSURANCE COMPANY
     THROUGH: THE LOUISIANA SECRETARY OF STATE

     BATON ROUGE                    LA

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES W/EXHIBITS ATTACHED
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                              ADDITIONAL INFORMATION
   Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer
   Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.
   If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
   may call 529 - 1000 for more information.
   COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA        April 23, 2010

Clerk's Office, Room 402, Civil Courts Building,          DALE N. ATKINS, Clerk of
421 Loyola Avenue                                         The Civil District Court
New Orleans, LA                                           for the Parish of Orleans
                                                         State of LA
                                                         by
                                                                    Deputy Clerk

SHERIFF'S RETURN
(for use of process servers only)

PERSONAL SERVICE                              DOMICILIARY SERVICE

On this _____ day of                        On this _____ day of
_____ served a copy of the w/i petition     _____ served a copy of the w/i petition
FOR DAMAGES W/EXHIBITS ATTACHED              FOR DAMAGES W/EXHIBITS ATTACHED

On                                           On
ARCH INSURANCE COMPANY                       ARCH INSURANCE COMPANY

THROUGH: THE LOUISIANA SECRETARY OF STATE    THROUGH: THE LOUISIANA SECRETARY OF STATE

                                             by leaving same at the dwelling house, or usual place of
                                             abode, in the hands of _____
                                             a person of suitable age and discretion residing therein as
                                             a member of the domiciliary establishment, whose name
                                             and other facts connected with this service I learned by
                                             interrogating  HIM / HER the said _____
                                             ARCH INSURANCE COMPANY
     Returned same day
                              No.
     Deputy Sheriff of _____
Mileage: $ _____
                                             being absent from the domicile at time of said service.
                              ENTERED         Returned same day
PAPER                        RETURNS OFFICE                    No.
                                             Deputy Sheriff of _____
SERIAL NO    DEPUTY    PARISH

5/5/10

ATTORNEY'S NAME: Herman, Russ   00819
AND ADDRESS:
New Orleans   LA 70113-116

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO   2010 - 03645   B                                              SECTION:   6 -- L

BOUTTE, DONALD J. VERSUS E. ACOE CONSTRUCTION, INC.   ET AL

CITATION

TO   THE NORTH RIVER INSURANCE COMPANY
THROUGH, THE LOUISIANA SECRETARY OF STATE

BATON ROUGE                          LA

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES W/EXHIBITS ATTACHED
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

ADDITIONAL INFORMATION

Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA   April 23, 2010

Clerk's Office, Room 402, Civil Courts Building,
421 Loyola Avenue
New Orleans  LA

DALE N. ATKINS,  Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
                    Deputy Clerk

-------------------------------------------------------------------------------

SHERIFF'S RETURN
(for use of process servers only)

PERSONAL SERVICE                                DOMICILIARY SERVICE

On this _____ day of _____          On this _____ day of _____
_____ served a copy of the w/i petition       _____ served a copy of the w/i petition
FOR DAMAGES W/EXHIBITS ATTACHED                 FOR DAMAGES W/EXHIBITS ATTACHED

On   APR 29 2010                                On
THE NORTH RIVER INSURANCE COMPANY               THE NORTH RIVER INSURANCE COMPANY

I made service on the named through the
office of the Secretary of State
THROUGH  THE LOUISIANA SECRETARY OF STATE       THROUGH: THE LOUISIANA SECRETARY OF STATE
by tendering a copy of this document to  □ MEGHAN SHANKS
□ TAMMY DENNY                                   by leaving same at the dwelling house, or usual place of
□ JULIE NESBITT   C. Cummins                    abode, in the hands of _____
Parish of East Baton Rouge, Louisiana           a person of suitable age and discretion residing therein as
                                                a member of the domiciliary establishment, whose name
Deputy Sheriff   Returned same day              and other facts connected with this service I learned by
                                                interrogating  HIM / HER the said _____
Deputy Sheriff of _____                THE NORTH RIVER INSURANCE COMPANY

Mileage: $ _____

_____ / ENTERED / _____                      being absent from the domicile at time of said service.
PAPER                  RETURN                    Returned same day
                                                No. _____
SERIAL NO.   DEPUTY   PARISH                     Deputy Sheriff of _____

ATTORNEY'S NAME: Herman, Russ  8081?
New Orleans   LA 70113-116

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO.   2010 – 03645   4                                          SECTION   6

BOUTTE, DONALD J. VERSUS E. JACOB CONSTRUCTION, INC.   ET AL

# CITATION

TO: FIREMANS FUND INSURANCE COMPANY
    THROUGH: THE LOUISIANA SECRETARY OF STATE

    BATON ROUGE                         LA

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES W/EXHIBITS ATATCHED

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                         ADDITIONAL INFORMATION
  Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer
  Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.
  If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
  may call 529 - 1000 for more information.
  COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN WITNESS HEREOF,  I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA _____April 23, 2010_____.

Clerk's Office, Room 402, Civil Courts Building,          DALE N. ATKINS, Clerk of
421 Loyola Avenue                                        The Civil District Court
New Orleans, LA                                          for the Parish of Orleans
                                                         State of LA
                                                         by _____
                                                                      Deputy Clerk

SHERIFF'S RETURN
(for use of process servers only)

PERSONAL SERVICE                              DOMICILIARY SERVICE

On this _____ day of _____               On this _____ day of _____
_____ served a copy of the w/i petition    _____ served a copy of the w/i petition
FOR DAMAGES W/EXHIBITS ATATCHED               FOR DAMAGES W/EXHIBITS ATATCHED

On                                           On
FIREMANS FUND INSURANCE COMPANY              FIREMANS FUND INSURANCE COMPANY

THROUGH: THE LOUISIANA SECRETARY OF STATE    THROUGH: THE LOUISIANA SECRETARY OF STATE
                                             by leaving same at the dwelling house, or usual place of
                                             abode, in the hands of _____
                                             a person of suitable age and discretion residing therein as
                                             a member of the domiciliary establishment, whose name
                                             and other facts connected with this service I learned by
                                             interrogating  HIM / HER the said
                                             FIREMANS FUND INSURANCE COMPANY
              Returned same day

                              No. _____

     Deputy Sheriff of _____

Mileage: $_____

         _____ / ENTERED /_____          being absent from the domicile at time of said service.
         PAPER                               Returned same day
                                                                 No. _____
         _____ /_____ RETURN
     SERIAL NO.   DEPUTY   PARISH             Deputy Sheriff of _____

ATTORNEY'S NAME: Herman, Russ  51819
AND ADDRESS:
New Orleans    LA 70113-116

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO    2010 – 03645        2                                SECTION:    6

BOUTTE, DONALD J  VERSUS E. JACOB CONSTRUCTION, INC.   ET AL

## C I T A T I O N

TO:  ALLSTATE INDEMNITY COMPANY
     THROUGH:  THE LOUISIANA SECRETARY OF STATE


     BATON ROUGE                    LA

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES W/EXHIBITS ATTACHED

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue. New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA        April 23, 2010

Clerk's Office, Room 402, Civil Courts Building,          DALE N. ATKINS, Clerk of
421 Loyola Avenue                                        The Civil District Court
New Orleans, LA                                          for the Parish of Orleans
                                                         State of LA
                                                         by _____
                                                                        Deputy Clerk

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| FOR DAMAGES W/EXHIBITS ATTACHED | FOR DAMAGES W/EXHIBITS ATTACHED |

On    APR 29 2010
ALLSTATE INDEMNITY COMPANY through the
I made service on the named party through the
Office of the Secretary of State
THROUGH: THE LOUISIANA SECRETARY OF STATE
by tendering a copy of this document to   MEGHAN SHANKS
☐ JAMIE NESBITT    ☐ TAMMY GLOVER
of East Baton Rouge, Louisiana
Returned  same day
Deputy Sheriff of _____
                              No.

Deputy Sheriff of _____

Mileage. $ _____

_____ / ENTERED / _____

On _____,
ALLSTATE INDEMNITY COMPANY


THROUGH:  THE LOUISIANA SECRETARY OF STATE

by leaving same at the dwelling house, or usual place of
abode, in the hands of _____
a person of suitable age and discretion residing therein as
a member of the domiciliary establishment, whose name
and other facts connected with this service I learned by
interrogating  HIM / HER the said _____
ALLSTATE INDEMNITY COMPANY


being absent from the domicile at time of said service.
Returned same day
                              No _____
Deputy Sheriff of _____

PAPER
3

RETURN  SHERIFF'S OFFICE

SERIAL NO        DEPUTY        PARISH

01

5/5/10

ATTORNEY'S NAME: Herman, Russ  02819
ADDRESS:
New Orleans    LA  70113-116

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:    2010 -- 03645        5                                    SECTION:    6  -L

BOUTTE, DONALD J. VERSUS E. JACOB CONSTRUCTION, INC.   ET AL

C I T A T I O N

TO:  LIBERTY MUTUAL INSURANCE COMPANY
     THROUGH:  THE LOUISIANA SECRETARY OF STATE

        BATON ROUGE                          LA

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES W/EXHIBITS ATTACHED
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                              ADDITIONAL INFORMATION
    Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer
    Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.
    If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
    may call 529 - 1000 for more information.
    COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA          April 23, 2010

Clerk's Office, Room 402, Civil Courts Building,          DALE N. ATKINS, Clerk of
421 Loyola Avenue                                        The Civil District Court
New Orleans, LA                                          for the Parish of Orleans
                                                         State of LA
                                                         by _____
                                                                       Deputy Clerk

SHERIFF'S RETURN
(for use of process servers only)

PERSONAL SERVICE                              DOMICILIARY SERVICE

On this _____ day of _____               On this _____ day of _____
_____ served a copy of the w/i petition   _____ served a copy of the w/i petition
FOR DAMAGES W/EXHIBITS ATTACHED              FOR DAMAGES W/EXHIBITS ATTACHED

On                                           On
  LIBERTY MUTUAL INSURANCE COMPANY             LIBERTY MUTUAL INSURANCE COMPANY

THROUGH: THE LOUISIANA SECRETARY OF STATE    THROUGH: THE LOUISIANA SECRETARY OF STATE
                                             by leaving same at the dwelling house, or usual place of
                                             abode, in the hands of _____
                                             a person of suitable age and discretion residing therein as
                                             a member of the domiciliary establishment, whose name
                                             and other facts connected with this service I learned by
                                             interrogating HIM / HER the said
_____  No. _____        _____ LIBERTY MUTUAL INSURANCE COMPANY
Deputy Sheriff of _____
Mileage: $ _____            being absent from the domicile at time of said service.
                                             Returned same day
____ / ENTERED / ____                                                No. _____
PAPER              RETURN                    Deputy Sheriff of _____
  01        /  /      01
SERIAL NO.   DEPUTY   PARISH

                                                                    5/5/10